**Lorraine HERD, Plaintiff-Appellant,**

v.

**Marion B. FOLSOM, in an official capacity as Secretary of the United States Department of Health, Education and Welfare, Defendant-Appellee.**

No. 11625.

United States Court of Appeals
Seventh Circuit.

March 22, 1956.

Rehearing Denied April 11, 1956.

Homer E. Rosenberg, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., Anna R. Lavin, Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., of counsel, for appellee.

Before LINDLEY, SWAIM and SCHNACKENBERG, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Lorraine Herd and her husband Lee Evans Osborne were the parents of four children. They were divorced and, thereafter, Lorraine on March 2, 1953 married Jesse Elmer Herd. No children were born of this marriage. Jesse died on October 10, 1953. He had considered the four children as his own and the Social Security Administration allowed each one of them a child's insurance benefits. As to that allowance there is no question in this case. Lorraine claims that she is also entitled to mother's insurance benefits under the Social Security act.[1] Following the disallowance of her application therefor by the Bureau of Old-Age and Survivors Insurance, Social Security Administration, she obtained a hearing before a referee who decided that she was entitled to mother's insurance benefits. In his written decision the referee stated, —"Claimant's contention that the children were the equitably adopted children of the wage earner presents the sole question at issue here." He decided that they were Jesse's equitably adopted children.

Thereafter the Appeals Council decided, on its own motion, to review the referee's decision, and so notified Lorraine. In its letter to her she was informed that she might appear and discuss her case before the Council in person or by someone appointed by her, that she might also file a brief or a written statement of her contentions, and that the merits of her case would receive consideration by the Council whether she appeared or submitted a statement or did neither. She did neither. The Appeals Council denied her claim for mother's insurance benefits. It found that the referee overlooked the provisions of § 216(c) of the act,[2] "which requires, as applied to the facts

---

1. 42 U.S.C.A. § 401 et seq.

2. 42 U.S.C.A. § 416(c).

of the instant case, that a wage earner's widow, in order that she may be entitled to mother's insurance benefits, must have been the natural mother of the wage earner's son or daughter or have been married to him for a period of not less than one year immediately prior to the date of his death". The Appeals Council found that the record establishes that the claimant does not meet either of these requirements.

It does not appear that she made any motion or request to set aside this finding or to be heard in regard thereto. Instead she filed a complaint in the district court, asking for judicial review of the Council's decision and that the court determine that she is entitled to mother's insurance benefits. That court sustained the action of the Appeals Council and entered judgment for the defendant and against the plaintiff, from which this appeal has been taken.

■ The act[3] defines "widow" as "the surviving wife of an individual, but only if she (1) is the mother of his son or daughter, (2) legally adopted his son or daughter while she was married to him and while such son or daughter was under the age of eighteen, (3) was married to him at the time both of them legally adopted a child under the age of eighteen, or (4) was married to him for a period of not less than one year immediately prior to the day on which he died".[4] This language is clear. Lorraine was not the mother (and in this connection we construe the word mother as meaning a *natural* mother), of the wage-earner's son or daughter, she did not legally adopt his son or daughter, was not married to him at the time both of them legally adopted a child, and was not married to him for at least one year prior to the date of his death. For the purpose of the act, the word widow is defined as above

set forth. The equitable adoption by the wage-earner of Lorraine's children is not relevant to her qualification as his widow. Certainly she never joined with him in legally adopting *his* children. There was no such adoption proceeding and obviously he could not be expected to adopt his own natural children. Finally, it is undisputed that she was not married to him at least one year prior to the date of his death. The district court, therefore, did not err in sustaining the action of the Appeals Council.

■ On this appeal no question is raised as to the power of the Appeals Council to review the decision of the referee. Moreover, the Administrative Procedure act provides, in § 8 thereof,[5] that "On * * * review of the initial decisions of such officers the agency shall, except as it may limit the issues upon notice or by rule, have all the powers which it would have in making the initial decision." It seems clear that the purpose of review is generally to correct errors of the officer whose decision is being reviewed. Inasmuch as the Appeals Council was of the opinion that the referee was in error in saying that the sole question at issue was whether the children were the equitably adopted children of the wage-earner, the Appeals Council had a right to consider the further question which arose on the record, viz. whether Lorraine was the wage-earner's widow within the meaning of the act.

■ We believe that the notice to Lorraine of the hearing before the Appeals Council seasonably informed her that a hearing would be had upon all questions arising upon the record. She chose not to appear or be represented at the hearing. The Appeals Council, in *holding* that she was not a widow, acted upon the record before it. This it had a right to do.

3. Ibid.

4. To the same effect is the Old-Age and Survivors Insurance regulation, 20 C.F R., § 404.1104, with the exception that, subject to the other requirements of the act as above set forth, the term "widow" means an applicant who, under applicable state law, has the status of widow of the individual upon whose wages her application is based.

5. 5 U.S.C.A. § 1007(a).

Upon notice to Lorraine of the decision of the Appeals Council, she made no effort to have the decision administratively reconsidered, amended or set aside. Instead she proceeded directly to the district court.

In this court she contends that she had no reasonable notice of, and an opportunity to be heard on, the issue of whether she was entitled to mother's insurance benefits. In view of the foregoing facts we do not believe that this contention is well founded. Moreover, the government rightfully contends that these issues were not raised by the pleadings in the court below, nor by argument and presentation thereof to that court. An examination of the record sent up by the clerk of the district court confirms the correctness of this contention by the government. Lorraine cannot for the first time raise these points in this court.

For the reasons herein set forth the judgment of the district court is

Affirmed.