**MONTANA CHAPTER OF ASSOCIA-
TION OF CIVILIAN TECHNI-
CIANS, INC., Appellants,**

v.

**Brigadier General Rodger D. YOUNG,
Chief of Staff of Air and Base De-
tachment Commander, et al., Appel-
lees.**

No. 73–2798.

United States Court of Appeals,
Ninth Circuit.

April 23, 1975.

Joseph Duffy (argued), Great Falls, Mont., for appellants.

Roy E. Murray, Jr., Butte, Mont., and Thomas J. Beers, Deputy Atty. Gen. (argued), Helena, Mont., for appellees.

OPINION

Before VAN OOSTERHOUT,* WAL-
LACE and SNEED, Circuit Judges.

* The Honorable Martin D. Van Oosterhout, Senior Circuit Judge, Eighth Circuit, sitting by designation.

VAN OOSTERHOUT, Circuit Judge.

This action was instituted by the plaintiff Union, the exclusive representative of the Montana Air National Guard technicians, challenging the alleged determination of non-negotiability with respect to requirements which are imposed upon the Air National Guard technicians while performing their technician duties. Plaintiff was granted exclusive recognition pursuant to Executive Order 10988 in March of 1969. Executive Order 10988 was superseded by Executive Order (E.O.) 11491, 3 C.F.R. 254 (1974). Labor-management relations in the federal service are currently governed by E.O. 11491.

Employment of civilian technicians in the National Guard was authorized by the National Guard Technicians Act of 1968, 32 U.S.C.A. § 709. As a condition of their employment such technicians are required to be members of the National Guard. 32 U.S.C.A. § 709(b), (d). A technician is deemed to be a federal employee and the Adjutant General of the state is charged with employing and administering the technicians authorized by the Act. As members of the Air National Guard the civil technicians are subject to the requirements of the Air Force Manual and the Air National Guard Regulations. Section 40–01 of the Air National Guard Regulations requires the air technicians to wear the Air Force uniform while performing technician duties, except when the state Adjutant General authorizes other appropriate attire. Section 35–10 of the Air Force Manual requires the uniformed technicians to conform with established military customs and courtesies.

Section 11 of E.O. 11491, 3 C.F.R. at 260, imposes a duty upon federal agencies and labor organizations to:

"meet at reasonable times and confer in good faith with respect to personal policies and practices and matters affecting working conditions, so far as may be appropriate under applicable laws and regulations, including policies set forth in the Federal Personnel Manual, published agency policies and regulations . . . and this Order."

Pursuant to § 11 representatives of plaintiff and the Adjutant General of Montana began negotiations on March 10, 1969. During negotiations plaintiff proposed making the wearing of the military uniform by National Guard technicians optional. Plaintiff was advised that the issue was not negotiable and no agreement was reached in that respect. The non-negotiability position taken by the defendants was based on Air National Guard Regulation 40–01 which required the wearing of the uniform while technicians were on duty. However, defendants did agree to negotiate the matter of exempting specific functions or positions from the requirement.

On November 5, 1971, plaintiff submitted a request to the Federal Service Impasses Panel, a body established by E.O. 11491 to handle negotiation impasses, requesting the Panel to consider the impasse which the parties had reached on the wearing of uniform issue. The Panel found that the parties had not exhausted all efforts to negotiate an agreement and suggested resumption of negotiations. Subsequent attempts by plaintiff to negotiate the issue were unsuccessful. No further administrative action was pursued by plaintiff.

On December 12, 1971, plaintiff filed the instant complaint. In its complaint plaintiff seeks a declaratory judgment concerning the rights and obligations of the Montana Air National Guard technicians under the National Guard Regulation 40–01 which requires Guard technicians to wear military uniform while performing civilian technician tasks. Although not clearly stated in the complaint, plaintiff apparently sought revocation of the regulation in question and a declaration that the objected to requirements are proper subject for negotiation under E.O. 11491. The district court dismissed plaintiff's cause of action for lack of jurisdiction by reason of plaintiff's failure to exhaust available administrative remedies. The decision of the district court is reported in Montana Chapter of Ass'n of Civ. Tech.; Inc. v. Young, 361 F.Supp. 442

(D.Mont.1973). We affirm Judge Murray's order of dismissal.

Executive Order 11491 establishes a comprehensive program governing labor-management relations in the federal service. Section 4 of E.O. 11491 provides for the establishment of the Federal Labor Relations Council which, among other duties, may entertain "appeals on negotiability issues as provided in § 11(c) of this Order." E.O. 11491 § 4(c)(2). With respect to negotiation of agreements, § 11(c)(4)(ii) provides:

> "(c) If, in connection with negotiations, an issue develops as to whether a proposal is contrary to law, regulation, controlling agreement, or this Order and therefore not negotiable, it shall be resolved as follows:
>
> \*  \*  \*  \*  \*  \*
>
> (4) A labor organization may appeal to the Council for a decision when—
>
> \*  \*  \*  \*  \*  \*
>
> (ii) it believes that an agency's regulations, as interpreted by the agency head, violate applicable law, regulation of appropriate authority outside the agency, or this Order."

The Adjutant General of Montana, who is charged with administering the National Guard Technicians Act of 1968, has determined that Air National Guard Regulation 40–01 is not negotiable with labor organizations. An issue has developed as to whether the plaintiff's proposal to negotiate is contrary to the regulations and § 11(c) is thus applicable. Plaintiff's remedy is an appeal to the Federal Labor Regulations Council pursuant to §§ 4(c)(2) and 11(c)(4) of E.O. 11491. *See* Hills v. Eisenhart, 256 F.2d 609 (9th Cir. 1958).

Plaintiff contends that an appeal to the Federal Labor Relations Council would be futile because a challenge to a service regulation similar to the one here in question was rejected by the Council in the matter of NFFE Local 1636 and New Mexico National Guard, F.L.R.C. No. 73A–13 (Sept. 17, 1973). In an appeal taken pursuant to E.O. 11491, § 11(c)(4)(ii), the union there alleged that the regulation involved was violative of certain statutory provisions of the United States Code. If correct on this contention, the subject matter of the void regulation would then be a proper topic for negotiation. The Council found that the regulation did not conflict with applicable statutes and that the subject matter of the regulation was not negotiable. In the instant case plaintiff is seeking revocation of Air National Guard Regulation 40–01 on constitutional grounds rather than on an alleged conflict with statutory provisions. Because different issues were presented to the Council in *NFFE Local 1366 and New Mexico National Guard* we do not conclude that an appeal to that body would be futile.[1]

▮▮▮ Plaintiff contends that no relief would be granted by the Federal Labor Relations Council because the issue presented is a constitutional challenge to the regulation requiring wearing of the uniform. We do not disagree with plaintiff's contention that federal administration agencies have neither the power nor competence to pass on the constitutionality of statutes. 3 K. Davis, Administrative Law Treatise, § 20.04 at 74 (1958). However, the doctrine of exhaustion of administrative remedies is not prevented from being applied solely by the fact the party applying for judicial relief urges a violation of rights secured by the federal constitution. Where relief may be granted on other nonconstitutional grounds, exhaustion is required. *See* Aircraft & Diesel Equipment Corp. v. Hirsch, 331 U.S. 752, 772–773, 67 S.Ct. 1493, 91 L.Ed. 1796 (1947). The necessity of deciding the constitutional issues

---

1. Moreover, this case was decided by the District Court on July 20, 1973. The New Mexico Guard case and Association of Civilian Technicians v. *State of New York National Guard*, F.L.R.C. No. 72A–47 (Dec. 27, 1973) wherein the Council held an identical regulation to be nonnegotiable, were decided subsequent to the trial court's decision. At the time the trial court decided this case no reasonable basis existed for determining that pursuit of the available administrative remedy would be futile.

may well be avoided by the grant of alternative administrative relief. Plaintiff seeks the right to negotiate with defendants on the right of civilian employees to enjoy certain work related conditions. Plaintiff concedes in its Brief in Opposition to Defendants' Motion for Summary Judgment which was before the district court that "[a]ll that the Council could do is rule whether or not the parties should discuss the matter." Such a declaration, if given, would avoid the necessity of a constitutional determination by a court of proper jurisdiction. As the Supreme Court stated in Aircraft & Diesel Equipment Corp. v. Hirsch, *supra*:

> "[T]he very fact that constitutional issues are put forward constitutes a strong reason for not allowing this suit either to anticipate or to take the place of [a final judicial or administration procedure]. When that has been done, it is possible that nothing will be left of appellants' claim . . . ." 331 U.S. at 772, 67 S.Ct. at 1503.

In Parisi v. Davidson, 405 U.S. 34, 37, 92 S.Ct. 815, 818, 31 L.Ed.2d 17 (1972), the Supreme Court said: "The basic purpose of the exhaustion [of remedies] doctrine is to allow an administrative agency to perform functions within its special competence—to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies." For a good discussion of the exhaustion doctrine *see* McKart v. United States, 395 U.S. 185, 192–195, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969).

By exhausting available administrative remedies plaintiff will eventually be entitled to judicial review pursuant to the provisions of the Administrative Procedure Act, 5 U.S.C. § 101 et seq. Sections 702 and 704, 5 U.S.C. appear to provide judicial review of final agency action. We have found no statutory authority which would preclude review by the federal courts of a final determination by the Federal Labor Relations Council. There is a basic presumption of judicial review within the meaning of 5 U.S.C. § 702 as long as no statute precludes relief or the action is not one committed by law to agency discretion. Abbott Laboratories v. Gardner, 387 U.S. 136, 140, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). *See* Association of Data Processing Service Organizations, Inc. v. Camp, 397 U.S. 150, 156–157, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970). The challenged regulations are mandatory on the civilian technicians and are not committed by law to agency discretion.

Plaintiff has not exhausted available administrative remedies. By reason of such failure, the court properly dismissed the complaint for want of jurisdiction.

Affirmed.