Ronald L. BOETTCHER,
Plaintiff-Appellant,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,
Defendant-Appellee.

No. 84–5701.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 7, 1985.

Decided April 30, 1985.

Martin Taller, Rucker & Taller, Anaheim, Cal., for plaintiff-appellant.

Robert Glenn Melvin, Jr., Baltimore, Md., Jan L. Luymes, Asst. U.S. Atty., Los Angeles, for defendant-appellee.

Before SCHROEDER, FLETCHER, and FARRIS, Circuit Judges.

FLETCHER, Circuit Judge:

Ronald Boettcher appeals the district court's dismissal of his action for lack of subject matter jurisdiction. We affirm the dismissal but do so on the merits.

## I. FACTS AND PROCEEDINGS BELOW

In June 1980, Ronald Boettcher applied for Social Security disability benefits, claiming that he had been totally disabled since October 31, 1978 ("the onset date"). The Social Security Administration ("SSA") originally denied Boettcher's claim, but later allowed it, fixing the onset date at August 15, 1980. Upon Boettcher's request for reconsideration, the SSA set back the onset date to September 25, 1979.

Boettcher, still contending that he was entitled to benefits going back to 1978, again requested reconsideration. The SSA apparently treated this further request as a request for a hearing. It sent Boettcher a notice of hearing that enumerated the issues that would be addressed [1] and stated that the hearing would be de novo.[2]

Boettcher objected to a de novo hearing. When he appeared at the hearing, his counsel asked for clarification of the issues to be addressed. The ALJ ruled that the issues would not be limited, but that the hearing would be de novo. Upon Boettcher's refusal to proceed with the hearing, the ALJ dismissed the request for hearing.

Boettcher requested an Appeals Council review of the ALJ's order of dismissal. Concluding that the ALJ was entitled to conduct a de novo hearing, the Appeals Council rejected Boettcher's request for review.

Boettcher then filed the present action in the district court. The Secretary moved to dismiss for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). Concluding that Boettcher had not exhausted his administrative remedies and had not obtained a final decision, the district court dismissed the action.

## II. DISCUSSION

### A. Standard of Review

We review de novo a dismissal for lack of subject matter jurisdiction, *Kehr v. Smith Barney, Harris Upham & Co.*, 736 F.2d 1283, 1287 (9th Cir.1984), favorably viewing the facts alleged to support jurisdiction, *Whittington v. Whittington*, 733 F.2d 620, 621 (9th Cir.1984).

### B. Finality and Exhaustion

In order to obtain judicial review of a decision of the Secretary, section 405(g) of the Social Security Act requires a claimant to have obtained a "final decision ... made after a hearing ...." 42 U.S.C. § 405(g) (1982). The Supreme Court has

---

1. The notice stated:

   The specific issues to be decided are: (1) Whether you have the required insured status under the law; and if so, as of what date(s); (2) The nature and extent of your impairment(s); (3) Whether your impairment(s) has lasted for a continuous period of at least 12 months, or can be expected to result in death; (4) Your ability to engage in substantial gainful activity since your impairment began; (5) When your disability, if any, began.

2. Specifically, the notice stated: "the Administrative Law Judge is not bound by the findings in a prior determination .... If the Administrative Law Judge finds that the evidence does not support the prior finding that you were under a disability commencing 9–25–79, he may find that your disability commenced as of a different date, or he may find that you *have not been disabled at all.*" (emphasis in original).

interpreted this requirement as consisting of two elements: (1) a waivable element that administrative remedies be exhausted; and (2) a nonwaivable element that the claim for benefits be presented to the Secretary. *Mathews v. Eldridge*, 424 U.S. 319, 328, 96 S.Ct. 893, 899, 47 L.Ed.2d 18 (1976). The exhaustion requirement may be waived either by the Secretary, *see, e.g., Weinberger v. Salfi*, 422 U.S. 749, 767, 95 S.Ct. 2457, 2467, 45 L.Ed.2d 522 (1975) (Secretary did not challenge some of claimants' allegations of exhaustion; Secretary's determinations deemed "final" as to those claimants), or by a court, *Mathews v. Eldridge*, 424 U.S. at 328–30, 96 S.Ct. at 899–90 (plaintiff seeking pretermination hearing not required to exhaust his administrative remedies). *Mathews v. Eldridge* held that a court may excuse exhaustion, because in some cases "a claimant's interest in having a particular issue resolved promptly is so great that deference to the agency's judgment [of finality] is inappropriate." 424 U.S. at 330, 96 S.Ct. at 900. The Court found compelling that the plaintiff had raised a constitutional challenge which was entirely collateral to his substantive claim of entitlement, that he suffered irreparable harm, and that upholding plaintiff's substantive compensation claim on other grounds would not answer his constitutional challenge. *Id.* at 330–32, 96 S.Ct. at 900–01.

▪ *Salfi* and *Eldridge* express the established principle that the availability of judicial review for "colorable" constitutional claims is presumed. Since constitutional questions are unsuited to resolution in administrative forums, statutory schemes will not be read to foreclose such review unless congressional intent is "clear and convincing." *Califano v. Sanders*, 430 U.S. 99, 109, 97 S.Ct. 980, 986, 51 L.Ed.2d 192 (1977). *See, e.g., Leschniok v. Heckler*, 713 F.2d 520, 522 (9th Cir.1983) (Secretary's failure to follow explicit statutory restriction presented constitutional claim; exhaustion excused); *Singer v. Schweiker*, 694 F.2d 616, 618 (9th Cir.1982) (rejection of disability claim without opportunity for hearing on the merits presents colorable constitutional challenge; exhaustion excused).

Boettcher asserts that his action falls within the *Eldridge-Salfi* principle because he has raised a colorable constitutional claim. Certainly, his claim is collateral to his underlying substantive claim that he is entitled to an onset date earlier than the one set by the SSA. The claim he asserts here, that he is entitled to a hearing limited to the issue of the onset date, is procedural, not substantive.

Also, as in *Eldridge*, 424 U.S. 331–32, 96 S.Ct. at 900–01, denying or upholding Boettcher's entitlement to benefits on other grounds would not answer his constitutional challenge. If Boettcher had proceeded to a hearing on the merits and the ALJ had determined that the earlier onset date was appropriate, Boettcher's constitutional challenge to the scope of the hearing would have gone unanswered.[3]

3. In the proceedings below, the magistrate relied on *Murillo v. Mathews*, 588 F.2d 759, 761 (9th Cir.1978), where we stated:

"'Where relief may be granted on other nonconstitutional grounds, exhaustion is required.'" (quoting *Montana Chapter of Association of Civilian Technicians, Inc. v. Young*, 514 F.2d 1165, 1167–68 (9th Cir.1975)). At first glance, this statement may appear inconsistent with the language in *Mathews v. Eldridge* stating that judicial review should be allowed when agency resolution of a claimant's case on nonconstitutional grounds "would not answer his constitutional challenge." 424 U.S. at 332, 96 S.Ct. at 901. Upon closer examination, however, the cases are not inconsistent.

The relief the *Murillo* court was discussing was a change in the procedures of the Social Security Administration, not an allowance of claims for substantive reasons. *See Murillo*, 588 F.2d at 763–64. In other words, if the Secretary has indicated that the procedures a claimant is challenging may be changed, then exhaustion may be required. *Murillo* should not be interpreted, as the magistrate apparently did, to require exhaustion because the Secretary may allow an underlying disability claim on substantive grounds.

Unlike the procedures in *Murillo*, the Secretary has not indicated any willingness to change the procedures for de novo hearings, which Boettcher challenges. And, as the Supreme Court noted in *Eldridge*, "It is unrealistic to

Whether Boettcher's constitutional claim is "colorable" poses a more difficult issue. Courts have not expressly defined what a "colorable" claim is. One court has held that claims were reviewable because they were "not without some merit." *Jensen v. Schweiker*, 709 F.2d 1227, 1230 n. 2 (8th Cir.1983). Another court has indicated that a putative constitutional claim should be dismissed if it " 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or ... is wholly insubstantial or frivolous.' " *Holloway v. Schweiker*, 724 F.2d 1102 (4th Cir.) (quoting *Bell v. Hood*, 327 U.S. 678, 682–83, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946)), *cert. denied*, ── U.S. ──, 104 S.Ct. 2664, 81 L.Ed.2d 369 (1984).

Determining whether Boettcher's constitutional claim is colorable necessarily involves a review of its merits. A determination that it lacks merit does not necessarily mean, however, that it is so insubstantial and immaterial that it does not pass the "colorable" test. On balance, we cannot say that the challenge Boettcher raises is wholly insubstantial, immaterial, or frivolous. We find the claim colorable, but ultimately incorrect.

■ Although the question of whether Boettcher's claim is colorable is close, the factors weighing in favor of deciding the case on the merits at the appellate level are strong: the issue is a legal one; the development of an administrative record would be wasteful and unhelpful; the issue is cast in terms of a due process claim; and the inquiry we make to determine whether the claim is colorable is essentially the same inquiry we undertake to decide the case on the merits. Accordingly, we go on to resolve the merits of Boettcher's claim.

## C. The Merits of Boettcher's Due Process Challenge

Boettcher claims that the Secretary has raised a "powerful deterrent" to the exercise of his right to a hearing by requiring a de novo hearing, rather than one limited solely to the issue of the onset date of his disability. Boettcher contends he is denied a fair hearing if he is not permitted a hearing limited solely to that portion of a prior determination unfavorable to him. This is a novel claim, and neither Boettcher nor the Secretary cite any authority directly addressing it.

We look to *Mathews v. Eldridge*, 424 U.S. at 335, 96 S.Ct. at 903, to determine what process is due. That court examined:

[1] the private interest that will be affected by the official action; [2] the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and [3] the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.* (citation omitted).

Boettcher misperceives the balance of interests at stake. The claimant is not the only one who stands to benefit from a full hearing. *See Bowman v. Heckler*, 706 F.2d 564, 568 (5th Cir.1983) (ALJ's duty to conduct full and fair hearing is not limited to an inquiry that is full and fair to the claimant). The government's interests must be weighed in the balance as well. One of the government's interests, an interest it shares with the claimant, is to avoid an erroneous deprivation of benefits.

Under the statutory scheme, initial and reconsideration determinations are made by a state agency based only on paper reviews. The hearing requested by a claimant usually affords the first opportunity for an adjudicator to see the claimant in person and to engage in a searching

---

expect that the Secretary would consider substantial changes in the current administrative review system at the behest of a single aid recipient raising a constitutional challenge in an adjudicatory context." 424 U.S. at 330, 96 S.Ct. at 900. Moreover, Boettcher has presented his

challenge to the scope of the hearing to both the ALJ and the Appeals Council, and both rejected it. This indicates that further resort to administrative remedies would be futile. *See Livermore v. Heckler*, 743 F.2d 1396, 1405 (9th Cir.1984).

factual inquiry. The hearing should result in more accurate decision-making.

Furthermore, Boettcher's position is foreclosed by specific sections of the Social Security Act itself. The Act empowers the Secretary to conduct hearings on her own motion as she deems necessary. *See* 42 U.S.C. § 405(b). The Secretary also is authorized to conduct de novo review of disability determinations made by state agencies, 42 U.S.C. § 421(c)(1), and, in fact, is compelled to undertake such review in a specified percentage of cases, 42 U.S.C. § 421(c)(2), (3). If the Secretary is empowered to review disability determinations on her own motion, then Boettcher's argument is reduced to a contention that such reconsideration must take place in a hearing separate from the one requested by the claimant. But this is nonsensical and wasteful.

We have found only two cases presenting due process claims analogous to those Boettcher raises here. Both support our conclusion that Boettcher's claim is meritless. In *Herd v. Folsom*, 231 F.2d 276 (7th Cir.1956), a hearing referee concluded that Herd's children were equitably adopted by the deceased wage earner. The Appeals Council, reviewing the decision on its own motion, rejected the claim on a different ground, i.e., that Herd was not the wage earner's widow within the meaning of the act. The court of appeals rejected Herd's contention that the consideration of an additional issue deprived her of an opportunity to be heard. *Id.* at 279. The court concluded that the Appeals Council was empowered to raise new issues on its own motion and that the plaintiff could not be heard to complain since she had been given adequate notice of the issues the Council would address. *Id.* at 278–79.

In *Cox v. Mathews*, 421 F.Supp. 721 (N.D.Cal.1976), *rev'd on other grounds*, 587 F.2d 988 (9th Cir.1978), Cox's application for benefits was denied by the SSA. The ALJ, following a de novo hearing, determined that Cox was entitled to benefits but that his disability had ceased two days before the hearing. Cox contended he was denied due process because both eligibility and the date of cessation were determined in a single hearing. The court rejected the challenge, noting that it was reasonable and efficient to hold a single hearing to determine the fact of disability, its extent, and its duration. *Id.* at 724. The court concluded this provided an opportunity to be heard under *Mathews v. Eldridge. Id.*

We conclude Boettcher has been afforded all the procedural protections to which he was entitled. He was given notice of the issues to be addressed at the hearing. He was permitted an opportunity for a full hearing, at which he could present evidence and argument, cross-examine witnesses, and be represented by counsel. If the substantive determination of the ALJ had been unfavorable to Boettcher, he would have had a full panoply of appellate recourse both within the agency and in the federal courts. The essence of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. *Mathews v. Eldridge*, 424 U.S. at 333, 96 S.Ct. at 902. The procedures provided under the Social Security Act afforded Boettcher exactly that. At the same time, an opportunity to be heard reduces the risk of error and enhances the opportunity to present all the relevant facts. *See Goss v. Lopez*, 419 U.S. 565, 580, 95 S.Ct. 729, 739, 42 L.Ed.2d 725 (1975); *see also Mathews v. Eldridge*, 424 U.S. at 344, 96 S.Ct. at 907. This truth-finding function runs to the benefit of both the claimant and the government.[4]

---

**4.** Boettcher presents two other arguments, which can be disposed of without extended discussion.

First, he contends that the de novo review here violates 20 C.F.R. § 404.946(B)(1), which permits an ALJ to raise any new issue except one that "involves a claim that is within the jurisdiction of a State agency under a Federal-State agreement concerning the determination of disability." Since a state agency made the initial disability determination, Boettcher contends this determination is immune from review under Section 404.946(B)(1). Such an interpretation would conflict with section 421(c)(1) of the statute, however, which allows

### III.  CONCLUSION

Boettcher's due process claim is meritless.  Accordingly, the district court's dismissal of Boettcher's action is

AFFIRMED.

the Secretary to review any state agency disability determination on her own motion.

Second, Boettcher argues that the language of 42 U.S.C. § 405(b) mandates a hearing limited to the issues raised by the claimant.  Juxtaposing the language of section 405(b), that provision requires the Secretary to give "reasonable notice and opportunity for a hearing with respect to" "[A]ny … decision by the Secretary which … is in whole or in part unfavorable to [the claimant]."  That section does not require the Secretary to provide a hearing limited only to the "part unfavorable" to the claimant, as Boettcher would read it.