985 F.2d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John HINZ, Plaintiff-Appellant,
v.
Ricardo A. TORRES, et al., Defendants-Appellees.
 No. 92-55230.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993.
Jan. 29, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Hinz appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 civil rights action. Hinz brought this section 1983 claim seeking monetary damages and injunctive relief against six judicial defendants and three prosecutorial defendants. Hinz alleged that the defendants "deprived him of his right to change his name, as protected by the constitution." The district court determined that the judicial defendants enjoyed judicial immunity and dismissed the claims against them. The district court determined that Hinz's complaint did not state a claim pursuant to 42 U.S.C. § 1983, did not allege a constitutional violation, and did not raise a federal question. Therefore, the district court dismissed the action with prejudice. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Hinz's original complaint named the Superior Court of the County of Los Angeles as the defendant. This complaint was filed and served. Hinz then amended his complaint, deleting the Superior Court as the defendant and naming nine individual defendants. Before Hinz served the individual defendants, the district court dismissed the action with prejudice. Because the district court dismissed Hinz's amended complaint before a summons was issued or served on the individual defendants, we construe the district court's action as a sua sponte dismissal for lack of subject matter jurisdiction. See Franklin v. Oregon State Welfare Div., 662 F.2d 1337, 1342 (9th Cir.1981).
 
 
 4
 A dismissal for lack of subject matter jurisdiction is reviewed de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), favorably viewing the factual allegations to support jurisdiction, Boettcher v. Secretary of Health & Human Services, 759 F.2d 719, 720 (9th Cir.1985). Review is based on the contents of the complaint, the allegations of which we accept as true and construe in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989); Miofsky v. Superior Court, 703 F.2d 332, 333 n. 1 (9th Cir.1983). The district court's factual findings on jurisdictional issues must be accepted unless clearly erroneous. Stock West, Inc. v. Confederated Tribes of Colville, 873 F.2d 1221, 1225 (9th Cir.1989).
 
 
 5
 "[B]efore a summons is issued a district court may not dismiss, sua sponte, for failure to state a claim an action over which it has subject matter jurisdiction." Franklin, 662 F.2d at 1341. The district court, however, may dismiss an action sua sponte if it "clearly lacks subject matter jurisdiction or lacks jurisdiction because the claim is 'wholly insubstantial' ". Franklin, 662 F.2d at 1343 (quoting Hagans v. Lavine, 415 U.S. 528, 536 (1974)). The claim, however, must be "so insubstantial, implausible, foreclosed by prior decisions ... or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court, whatever may be the ultimate resolution of the federal issues on the merits." Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 666 (1974).
 
 
 6
 Here, the district court determined that Hinz could not allege a factual or legal basis for a claim of Constitutional dimension even if the complaint were to be amended. We agree. The claims seeking monetary damages against the defendants are "wholly insubstantial" because they are "foreclosed by prior decisions." See Imbler v. Pachtman, 424 U.S. 409, 431 (1976) (a prosecutor is immune from a civil suit for damages under section 1983 when initiating a prosecution and in presenting the state's case); Oneida Indian Nation, 414 U.S. at 666; Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (en banc) (judges acting in their official capacity are absolutely immune from section 1983 liability). Hinz's contention that the defendants effectively deprived him of his right to change his name is so "completely devoid of merit as to not involve a federal controversy within the jurisdiction of the District Court." See Oneida Indian Nation, 414 U.S. at 666. Hinz has not been denied the right to change his name. Moreover, he has no federally protected right to force a state court to change documents to reflect that name change. Thus, the district court did not err in dismissing, sua sponte, Hinz's action. See id.; Franklin, 662 F.2d at 1343.
 
 
 7
 Accordingly, the district court's sua sponte dismissal is affirmed.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. We construe Hinz's letter of 22 October 1992 as a request for oral argument and deny the request. Moreover, Hinz's motion for judicial notice of documents is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3