NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3257

VALERIE M. BUSBY,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  November 17, 2005

_____

Before CLEVENGER, GAJARSA, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Valerie M. Busby ("Busby") petitions for review of the decision of the Merit Systems Protection Board ("MSPB" or "Board") that affirmed the reconsideration decision of the Office of Personnel Management ("OPM") terminating her survivor annuity benefits.  <u>Busby v. Office of Pers. Mgmt.</u>, No. AT831M050294-I-1 (M.S.P.B. May 23, 2005) ("<u>Decision</u>").  We <u>affirm</u>.

## I. BACKGROUND

Busby was married to Benny L. McGlamery for twenty-one years from October 1, 1982 until his death on November 4, 2003.  <u>Decision,</u> slip op. at 2.  Under the Civil

Service Retirement System ("CSRS"), Busby then received survivor annuity benefits as the widow of a CSRS annuitant.  Id.

On June 17, 2004, Busby married her current spouse and so advised OPM.  Id.  On October 25, 2005, OPM found that Busby no longer qualified for survivor annuity benefits as of her date of marriage because she had remarried before the age of fifty-five.  Id.  Busby requested reconsideration of the initial decision, but OPM affirmed its initial decision on January 12, 2005.  Id.  Thereafter, Busby appealed OPM's reconsideration decision to the Board.  Id.  On May 23, 2005, the administrative judge affirmed OPM's reconsideration decision.  Id.  The administrative judge noted that Busby challenged the constitutionality of the federal statute, but concluded that the Board lacked authority to consider this argument.  Id., slip op. at 2-3.  The administrative judge held instead that OPM correctly terminated Busby's survivor annuity benefits because Busby remarried before age fifty-five and was not married to her first husband for at least thirty years.  Id., slip op. at 3.

Because Busby failed to petition the full Board for review of the administrative judge's decision, the administrative judge's decision became the final decision of the Board on June 27, 2005.  Busby appeals the Board's decision to this court.  We have jurisdiction to hear appeals from final decisions of the Board under 28 U.S.C. § 1295 (a)(9).

## II.  DISCUSSION

### A.  STANDARD OF REVIEW

We review a decision of the Board deferentially.  We must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise

not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703 (2005); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

## B. SURVIVOR ANNUITY BENEFITS

Busby petitions for review of the Board's decision with regard to the termination of her survivor annuity benefits. Her threshold argument is based upon the Board's "lack of authority or jurisdiction to determine consideration to correct an unfair, unjust, unconstitutional existing law – discriminating age, discriminating marriage duration, and failure to insure equal benefits for surviving spouse be same as employee." Although she appears to concede that the Board correctly construed the relevant statute as requiring termination of her survivor annuity benefits since she remarried prior to reaching the age of fifty-five, she argues that the Board should have "adjusted" the law so that OPM could continue her benefits regardless. As support, she first maintains that OPM "overlooked or ignored" her request to revisit and revise 5 U.S.C. §§ 8341(b)(3)(B), (k)(1) and 5 C.F.R. § 831.644(a)(2), instead dismissing her case as "the law is the law." Further, Busby argues that the Board wrongly failed to consider her constitutional arguments based upon "[t]heir lack of authority or jurisdiction." She asks that this court "take immediate action on my case due to current discrimination and unfairness" and states that her "purpose for this petition is to change the law." Finally, Busby argues that the Board's decision was wrong due to "[n]egligence" since OPM did not have the law "adjusted to a reasonable mandate for their employees and their

spouses before it became effective." Busby requests that we give her immediate relief and "obtain Congress/Senate assistance in changing this unfair law."

OPM responds that the administrative judge's findings are well-supported by substantial evidence and should be upheld. OPM argues that Busby failed to establish in her petition that the Board overlooked her arguments, and indeed, that the Board did understand and consider her arguments, and simply concluded that OPM reached the correct decision. Second, OPM responds that neither the Board nor this court has the authority to change the law. Finally, OPM responds that Busby failed to prove or indeed offer any support at all for her contention that the Board's decision was negligent.

Section 8341(b)(3)(B) of Title 5 of the United States Code provides that except for widows or widowers who were married for at least thirty years as provided under § 8341(k)(1) of the same title, the survivor annuity benefits terminate on the last day of the month before the widow or widower "remarries before becoming 55 years of age." The regulatory language relevant to the statutory provision in 5 C.F.R. § 831.644(a)(2) is essentially identical to that set forth in the statute. In this case, Busby remarried before age fifty-five and was not married to her first husband for at least thirty years. Therefore, we first find that the administrative judge did not err in holding that under the relevant statutory and regulatory provisions, OPM properly terminated Busby's survivor annuity benefits as of the date of her remarriage.

Second, because the Board lacks authority to change a federal statute, we reject Busby's argument that the Board erred in failing to "correct an unfair, unjust, unconstitutional existing law." Further, like OPM and the Board, this court lacks the power and authority to modify a federal statute. Busby's arguments that the law should

05-3257                                           4

be changed "must be directed to Congress, not to the courts." Briggs v. MSPB, 331 F.3d 1307, 1318 (Fed. Cir. 2003); Fed. Commc'n Comm'n v. Beach Commc'n, 508 U.S. 307, 313-314 (1993).

Finally, in regard to Busby's argument that the administrative judge erred in concluding that it lacked authority to determine the constitutionality of federal statutes, we recognize "the Board's consistent refusal to pass on the constitutionality of legislation." Briggs, 331 F.3d at 1312; see, e.g., Bayly v. Office of Pers. Mgmt., 42 M.S.P.R. 524, 525-26 (1990); Malone v. Dep't of Justice, 14 M.S.P.R. 403, 406 (1983) (citing Montana Chapter of Ass'n of Civilian Technicians, Inc. v. Young, 514 F.2d 1165, 1167 (9th Cir. 1975) in support of its finding that "it is well settled that administrative agencies are without authority to determine the constitutionality of statutes"). We thus decline to overturn the Board's decision on solely this basis.

Moreover, to the extent that Busby is raising the same issue in her petition for review to this court, we reject her arguments here. Busby appears to claim the statute is unconstitutional because it discriminates against her on the basis of age, marriage duration, and being the surviving spouse instead of the employee. First, "age is not a suspect classification under the Equal Protection Clause;" Gregory v. Ashcroft, 501 U.S. 452, 470 (1991), neither is marriage duration nor spousal survivorship. As "[h]eightened scrutiny is only applicable when the law's classification is drawn along suspect or quasi-suspect lines, such as race, or when the law impinges on a fundamental right," we apply rational basis review in this case. Briggs, 331 F.3d at 1317. "On a rational basis review, a classification bears a strong presumption of validity, and the burden of persuasion is on a challenger to show the absence of a rational basis." Id. at 1318.

Here, Busby has failed to show that the relevant statute does not rest on a rational basis. Indeed, Busby appears to rest her claim solely on the unsupported accusations that the statute is "unjust," "unfair," and "discriminat[ory]". We instead find that the lines drawn by Congress based upon the age of the surviving spouse and the duration of the marriage have a conceivable rational basis. "In our rational basis inquiry we may look beyond the evidence and empirical data and rationally speculate what might have motivated Congress to make the choices it made." Id.

We find that the Board's decision affirming the OPM decision terminating Busby's survival annuity benefits was in accordance with law and accordingly, the order of the Board is affirmed.