Yvonne CUMMINS, Plaintiff–Appellant,

v.

SOCIAL SECURITY ADMINISTRATION; et al., Defendants–Appellees.

No. 06–17281.

United States Court of Appeals, Ninth Circuit.

cation and is not precedent except as provid-

Submitted May 20, 2008.*

Filed May 28, 2008.

ed by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Yvonne Cummins, Yuma, AZ, pro se.

Michael A. Johns, Esq., USPX–Office of the U.S. Attorney, Phoenix, AZ, Sharon Sands, Esq., Armand D. Roth, Esq., SSA–Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendants–Appellees.

Before: PREGERSON, TASHIMA, and GOULD, Circuit Judges.

## MEMORANDUM **

Yvonne Cummins appeals pro se from the district court's summary judgment upholding the Social Security Administration ("SSA") Commissioner's calculation of her monthly benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's order de novo. *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir.1995). The Commissioner's decision will be set aside only if it is not supported by substantial evidence or if it is based on legal error. *Id.* We affirm.

The district court properly deferred to the agency's interpretation of 42 U.S.C. § 415(f). *See Foothill Presbyterian Hosp.*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*v. Shalala,* 152 F.3d 1132, 1134 (9th Cir. 1998) (explaining that the court "will defer to the agency's interpretations unless an alternative reading is compelled by the plain language of the regulation or by other indications of the agency's intent at the time it promulgated the regulation").

■ Contrary to Cummins's contentions, the SSA had authority to recalculate her primary insurance amount when she converted from disability to retirement benefits and when her eligibility date changed. *See* 42 U.S.C. § 415(a)(2) (providing for recalculation of benefits based on a change from disability to retirement benefits); 20 C.F.R. § 404.290 (providing for recalculation based on a change in eligibility status).

■ Cummins's contentions that the SSA violated her due process rights lack merit because there is no indication that she was deprived of an "opportunity to be heard at a meaningful time and in a meaningful manner." *See Boettcher v. Sec'y of Health and Human Servs.,* 759 F.2d 719, 723 (9th Cir.1985).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.