**Raymond BUTTS, Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Appellee.**

**No. 824, Docket 82–6238.**

United States Court of Appeals, Second Circuit.

Argued March 21, 1983.

Decided May 2, 1983.

Raymond Butts, pro se.

Kathleen A. Haggerty, Asst. U.S. Atty., E.D.N.Y., Brooklyn, N.Y. ·(Raymond J. Dearie, U.S. Atty., E.D.N.Y.; Miles M. Tepper, Asst. U.S. Atty., Brooklyn, N.Y., of counsel), for appellee.

Before OAKES, CARDAMONE and WINTER, Circuit Judges.

PER CURIAM:

Raymond Butts appeals from a judgment of the United States District Court for the Eastern District of New York, Joseph M. McLaughlin, Judge, granting the motion of the Secretary of Health and Human Services ("the Secretary") for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) and affirming the Secretary's denial of Butts' application for disability insurance benefits under the Social Security Act. The Secretary denied Butts' disability benefits based on a finding that Butts had insufficient quarters of coverage to qualify for such benefits. We affirm.

An individual is insured against a disability under § 223(c)(1)(B)(i) of the Social Security Act, 42 U.S.C. § 423(c)(1)(B)(i), if he has twenty quarters coverage during the forty quarters preceding the disability. Mr. Butts, a disabled person since 1975, asks us to consider, as he believes the Administrative Law Judge (ALJ) and the district court judge did not, conflicting evidence that he was paid wages by Morris Heller Electric Co. for sufficient quarters between 1962 and 1970 to entitle him to benefits. The ALJ did acknowledge that the employer "stated claimant worked for many additional quarters that are not recorded, but he is unable to substantiate this contention with acceptable proof." Heller Electric Co. retained no business records for the years prior to 1970, the last year of Butts' work there. Both Heller and Butts insisted that all work was "on the books" with proper deductions and payments to Social Security.

Although the ALJ also had before him Exhibit 10, a 1971 letter submitted in evidence by Butts, signed by Heller, stating that "Raymond Butts was employed by Heller Electric Co. from April 1962 until December 1970 as an electrician," Heller's oral testimony that Butts "didn't work constantly; he was on and off" is not irreconcilable with that 1971 letter. Against all this, a computer search of earnings records under two social security numbers used by the claimant as well as under the employer reporting number indicated that Butts worked for Heller for only eleven quarters between 1962 and 1970. Butts repeatedly asserted that the records were in error. Butts did not, however, produce copies of income tax records and W–2 forms for the years in question; in fact, he testified he never filed tax returns or requested a W–2 form from his employer.

The problem, very simply, is one of proof. Congress has mandated that the income tax reporting system is the method for determining social security coverage. Of course computer records can be in error, but the statute provides for accuracy safeguards. Each social security registrant has the right to review his record of earnings and quarters credited to his social security number. 42 U.S.C. § 405(c)(2)(A). Each registrant has the right to seek to correct errors within three years, three months and fifteen days. *Id.* (c)(4).

After that period, however, an absence of an entry in the Secretary's records is presumptive evidence that no wages were paid during the period in question. *Id.* (c)(4)(B). The presumption "protects the government from spurious or merely inaccurate or unverifiable claims based on after-the-fact evidence." *Hollman v. Department of Health and Human Services,* 696 F.2d 13, 17 (1982). The presumption may be rebutted, however, 42 U.S.C. § 405(c)(5), for example to correct an error apparent on the face of the record, *id.* (c)(5)(C), or to conform the Secretary's records to "tax returns or portions thereof (including information returns and other written statements) filed with the Commissioner of Internal Revenue," *id.* (c)(5)(F)(i), or to include wages paid by an employer in any period if there is no entry in the Secretary's records. *Id.* (c)(5)(H).

A claimant confronted with blank wage records is required to prove his case by a preponderance of the evidence. *Kephart v. Richardson,* 505 F.2d 1085, 1089 (3d Cir. 1974); *Breeden v. Weinberger,* 493 F.2d 1002, 1006 (4th Cir.1974). The purpose of the four administrative hearings in this case was to provide an opportunity for Butts to come forward with evidence to support his claim. In the absence of verification of earnings in the form mandated by Congress, or of credible testimony such as was before the court in *Kephart* and *Breeden, supra,* the ALJ had no alternative but to deny Mr. Butts' claim. *Compare Hollman,* 696 F.2d at 15 (Secretary shall amend earnings record after expiration of time limitation where claimant has timely filed tax returns containing precise amounts).

After reviewing the administrative record as a whole, we conclude that the district court properly held that the Secretary's decision should be affirmed. Raymond Butts did not carry his burden of proof that he met the quarters earnings requirement to receive disability payments.

Judgment affirmed.