**Charlie L. HOLLOWAY, Appellant,**

v.

**Richard S. SCHWEIKER, Secretary of Health & Human Services, Appellee.**

**No. 83–1376.**

United States Court of Appeals, Fourth Circuit.

Argued Dec. 6, 1983.

Decided Jan. 12, 1984.

Anthony H. Robinson, Richmond, Va., for appellant.

David L. Hyman, Asst. Regional Atty., Philadelphia, Pa. (Diane C. Moskal, Regional Atty., Charlotte Hardnett, Asst. Regional Atty., Dept. of Health and Human Services, Philadelphia, Pa., Elsie L. Munsell, U.S. Atty., Debra Prillaman, Asst. U.S. Atty., Richmond, Va., on brief), for appellee.

Before MURNAGHAN, ERVIN, and CHAPMAN, Circuit Judges.

MURNAGHAN, Circuit Judge:

Charlie L. Holloway has sought judicial review of a decision by the Secretary of Health and Human Services refusing to re-open Holloway's previously adjudicated claim for Social Security disability benefits. The district court from whose judgment an appeal has been taken granted the Secretary's motion to dismiss.

## I.

In 1975, Holloway first applied for SSI disability benefits on the basis of chronic painful feet and swollen ankles which se-

verely restricted his physical activity. His *pro se* application was denied by an Administrative Law Judge on November 19, 1976, and the denial was affirmed by the Appeals Council on August 30, 1977. After receiving advice from counsel, Holloway decided not to seek judicial review of the decision.

However, in June, 1978, Holloway filed a second application for benefits. Again, his claim was denied by the ALJ, and the denial was affirmed by the Appeals Council. This time, however, Holloway did seek judicial review before the United States District Court for Massachusetts. When the Secretary revealed that the transcripts from the administrative proceedings had been lost, the court remanded the case for a new administrative hearing. On November 4, 1980, the ALJ concluded that Holloway had been disabled within the meaning of the Act since June 1, 1978, the date of Holloway's second application, and that Holloway was entitled to receive benefits.

Holloway then petitioned the Social Security Administration to reopen his initial application on the basis that benefits had been improperly denied at that time. Citing 20 C.F.R. § 416.1488(b), which provides a two-year statute of limitations for the reopening of a case, the Secretary refused to reopen Holloway's initial claim, which had been denied three-and-a-half years earlier.

Holloway then, on November 27, 1981, filed suit in the United States District Court for the Eastern District of Virginia, asserting that application of the rule of administrative finality was arbitrary and capricious, or, in the alternative, that reliance on 20 C.F.R. § 416.1488(b) had deprived him of his Fourteenth Amendment due process and equal protection rights.

After denying Holloway's petition for appointment of counsel, the district court, acting on the magistrate's recommendation, granted the Secretary's motion to dismiss. Holloway appealed from the entry of final judgment.

1. 42 U.S.C. § 405(g).

II.

Holloway contends that § 205(g) of the Social Security Act[1] authorizes judicial review of a final decision of the Secretary not to reopen a claim for benefits. The Supreme Court explicitly rejected that very argument in *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). The *Sanders* court concluded

> that § 205(g) cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits.

*Id.*

While establishing a general rule that courts lack jurisdiction to review a decision by the Secretary not to reopen a claim for benefits, the *Sanders* court did recognize a limited exception where the claimant has challenged the Secretary's decision on constitutional grounds. *See, e.g., Schrader v. Harris,* 631 F.2d 297, 300 (4th Cir.1980). Asserting that "access to the courts is essential" for resolution of constitutional questions, the *Sanders* court reiterated

> the well-established principle that when constitutional questions are in issue, the availability of judicial review is presumed . . . .

*Califano v. Sanders,* 430 U.S. at 109, 97 S.Ct. at 986. Since the claimant in *Sanders* had not challenged the Secretary's denial on constitutional grounds, the district court concluded that "§ 205(g) does not afford subject-matter jurisdiction in this case." *Id.*

Holloway contends that jurisdiction is proper in his case under the *Sanders* exception. His complaint alleges that the Secretary's refusal to reopen his claim

> was arbitrary, capricious and violative of Plaintiff's right to due process and equal protection of the law under the Fourteenth Amendment to the United States Constitution.

Since his challenge to the Secretary's action rests on constitutional grounds, he claims that the *Sanders* exception is applicable.

■ Holloway's reading of *Sanders* would allow the opinion's limited exception to engulf its rule. If the mere allegation of a denial of due process can suffice to establish subject-matter jurisdiction, then every decision of the Secretary would be reviewable by the inclusion of the words "arbitrary" or "capricious" in the complaint. Every disappointed claimant could raise such a due process claim, thereby undermining a statutory scheme designed to limit judicial review.

To preserve the vitality of *Sanders,* we look to another well-established principle:

... a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.

*Bell v. Hood,* 327 U.S. 678, 682–3, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946).

Under the doctrine of *Bell v. Hood,* the district court properly dismissed Holloway's complaint. Holloway contests the Secretary's application of the regulations governing the conditions for reopening claims. Under 20 C.F.R. § 416.1488:

A determination, revised determination, decision, or revised decision may be reopened—

(a) Within 12 months of the date of the notice of the initial determination, for any reason;

(b) Within two years of the date of the notice of the initial determination if we find good cause, as defined in § 416.-1489,[2] to reopen the case; or

(c) At any time if it was obtained by fraud or similar fault.

■ Holloway does not contest the Secretary's authority to promulgate § 416.1488. Nor does he allege that the initial decision was in any way fraudulent. While he does contend that the decision was obtained by "similar fault," he essentially equates "similar fault" to "good cause," governed by subsection (b). Under such a reading of the regulations, however, every allegation of "good cause" would become actionable under subsection (c), thereby circumventing altogether the two-year statute of limitations established in subsection (b). Viewed properly, "similar fault" means a fault analogous to fraud on the part of the agency and no such allegation appears in Holloway's complaint.

■ The essence of Holloway's complaint, then, is no more than that the proper exercise of a valid statute of limitations has rendered time-barred his otherwise meritorious claim and that therefore a constitutional violation occurred. The contention that such a claim rises to the level of a constitutional deprivation is wholly insubstantial and frivolous. *Bell v. Hood, supra.* Indeed, its pleading in constitutional terms appears to be designed solely for the purpose of obtaining jurisdiction. The district court therefore lacked subject-matter jurisdiction, and its dismissal of Holloway's complaint is

AFFIRMED.

---

**2.** § 416.1489 Good cause for reopening.

(a) We will find that there is good cause to reopen a determination or decision if—

(1) New and material evidence is furnished;

(2) A clerical error was made; or

(3) The evidence that was considered in making the determination or decision clearly shows on its face that an error was made.

(b) We will not find good cause to reopen your case if the only reason for reopening is a change of legal interpretation or administrative ruling upon which the determination or decision was made.