**Claude Danny SHRADER, Appellant,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Appellee.**

No. 84–1175.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 30, 1984.

Decided Jan. 29, 1985.

Michael F. Gibson, Princeton, W. Va. (Johnston, Holroyd & Gibson, Princeton, W. Va., on brief), for appellant.

Charlotte Hardnett, Washington, D.C. (Beverly Dennis, III, Regional Atty., Thomas A. Dougherty, Jr., Asst. Regional Atty., Philadelphia, Pa., John P. Alderman, U.S. Atty., Roanoke, Va., Jennie L. Montgomery, Asst. U.S. Atty., Roanoke, Va., on brief), for appellee.

Before PHILLIPS and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.

JAMES DICKSON PHILLIPS, Circuit Judge:

Claude Danny Shrader first applied for social security disability benefits on February 10, 1977. After denying three previous applications, the Secretary denied the current application on the basis of administrative res judicata. Following the district court's refusal to review the Secretary's application of administrative res judicata on the authority of *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), we reversed because Shrader had raised a constitutional objection to the application of res judicata in denying his claim. *Shrader v. Harris*, 631 F.2d 297 (4th Cir.1980). Holding that the constitutional challenge conferred jurisdiction for judicial review of the denial of his claim, we remanded for an evidentiary determina-

tion by the Secretary as to whether Shrader's mental condition prevented him from understanding the administrative process as a condition to the application of administrative res judicata to deny the claim. *Id.* at 302–03.

The Secretary found after a hearing that Shrader's mental condition did not prevent him from understanding the administrative process, and therefore again denied Shrader's claim by application of administrative res judicata. The district court again refused review, again relying on *Califano v. Sanders* to dismiss for lack of jurisdiction. *Shrader v. Heckler*, No. 78–0156–A, slip op. 7 (W.D.Va. Jan. 30, 1984). Shrader appeals. We affirm, but on the basis that substantial evidence exists in this record to support the Secretary's factual determination that Shrader's mental condition was not such as to prevent, on due process grounds, the application of res judicata to deny his claim.

In *McGowen v. Harris*, 666 F.2d 60, 66 (4th Cir.1981), we pointed out that where administrative res judicata is applied to deny a claim, the district court perforce has jurisdiction to determine whether the Secretary properly applied res judicata under its inherent jurisdiction to determine its own jurisdiction. Under 42 U.S.C. § 405(g), the district court has jurisdiction to review the Secretary's final denial of claims if the Secretary based denial on a hearing. If the Secretary properly applies res judicata without a hearing, the district court has no jurisdiction to conduct further review because the Secretary's denial was properly made without a hearing. *Sanders*, 430 U.S. at 108, 97 S.Ct. at 985. However, if in determining the jurisdictional issue the district court finds that the Secretary improperly applied res judicata, the district court has jurisdiction to remand for the hearing due but improperly denied. *McGowen*, 666 F.2d at 66.

■ *McGowen* therefore makes clear that the district court here had jurisdiction to review, as a condition of its jurisdiction, the Secretary's determination that Shrader's mental condition did not prevent him from understanding the administrative process. Under our previous decision in this case, 631 F.2d 297, resolution of the mental capacity issue was made a necessary predicate to invoking res judicata by virtue of the due process challenge to its invocation. Under its jurisdiction to determine its jurisdiction, the district court should therefore have reviewed the Secretary's factual determination of mental capacity. *See McGowen*, 666 F.2d at 66.

■ Despite the failure of the district court to review the finding of capacity, we conclude that the record contains sufficient evidence supporting the Secretary's determination of capacity to affirm the district court's dismissal of Shrader's petition for lack of jurisdiction. Under 42 U.S.C. § 405(g), the Secretary's finding of fact must be affirmed if supported by substantial evidence. The record contains evidence that during consideration of his third application for benefits Shrader wrote a letter stating that he had contacted his Congressman and his lawyer and would appeal every denial of his claim. Furthermore, the record indicates that following denial of his third claim, Shrader properly and timely applied for administrative reconsideration of the denial. We conclude that this is substantial evidence to support the Secretary's determination that Shrader had the mental capacity to understand the hearing and appellate process incident to consideration of his claim. No compelling countervailing evidence was adduced.

On that basis we conclude that the Secretary properly applied res judicata to deny Shrader's claim and that the district court therefore properly dismissed the action seeking judicial review for lack of jurisdiction.

AFFIRMED.