**Felix Ortiz LEON, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

Civ. No. 85–0787(PG).

United States District Court,
D. Puerto Rico.

Feb. 21, 1986.

---

Ovidio Zayas Rivera, Santurce, P.R., for plaintiff.

Fidel A. Sevillano, Asst. U.S. Atty., Hato Rey, P.R., for defendant.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

This is an action brought under Section 205(g) of the Social Security Act, as amended, (the Act) for review of the decision of the Secretary of Health and Human Services (the Secretary) which denied plaintiff's application for a period of disability and disability insurance benefits.

Plaintiff filed an application for disability insurance benefits on September 24, 1982 (Tr. 36–39). The application was denied initially (Tr. 40–42) and on reconsideration (Tr. 44–47). The administrative law judge (ALJ) found that plaintiff was under a disability (Tr. 7–14). However, his decision was reversed by the Appeals Council on the grounds that plaintiff did not meet the

insured status requirements of the Act (Tr. 3–6).

According to the Appeals Council, plaintiff did not meet the insured status requirements for a period of disability beginning on March 6, 1982. The Appeals Council found that the record of the Social Security Administration indicated that in the 40-quarter period ending March 31, 1982, the plaintiff had acquired only 19 of the necessary 20 quarters of coverage. This concluded consideration of his wages of $288.60 in 1981 and $3334.05 in 1982. According to the Appeals Council, the last date on which the earnings requirements were met was September 30, 1981. Before that date, according to the Appeals Council, the plaintiff was not disabled.

In accordance with Section 213(a) of the Act, as amended, an individual is granted one quarter of coverage for each $310 in earnings paid in 1981. Since plaintiff's record revealed only $288.60 in wages for that year, no quarter of coverage was earned in 1981. Therefore, had plaintiff's earnings in 1981 amounted to more than $310, he would have met the insured status requirements for a period of disability beginning on March 6, 1982, and the Appeals Council would not have reversed the ALJ.

On appeal, plaintiff argues that the Appeals Council should have included an additional $31.20 which was charged to the petty cash fund.

However, the sole question before this Court is whether the Secretary's determination is supported by substantial evidence on the record as a whole. 42 U.S.C. 405(g); *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Falu v. Secretary of Health and Human Services,* 703 F.2d 24, 28 (1st Cir.1983). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Universal Camera v. N.L.R.B.,* 340 U.S. 474, 477, 71 S.Ct. 456, 459, 95 L.Ed. 456 (1951).

■ The absence of entries of earnings for any period on the Secretary's records is evidence that no income was derived in such periods, 42 U.S.C. § 405(c)(3); *Butts v. Secretary of Health and Human Services,* 706 F.2d 107 (2nd Cir.1983), and creates a rebuttable presumption that no such wages were paid during that period. 20 C.F.R. § 404.803(b); *Fisher v. Secretary of Health, Education and Welfare,* 522 F.2d 493 (7th Cir.1975). The burden of proof is on plaintiff to establish wages not credited to his Social Security account. *Butts v. Secretary of Health and Human Services, supra.* It is the Secretary's job to determine if there is enough evidence to overcome the presumption. *Id.*

■ The record does contain a letter from plaintiff's former employer, dated July 30, 1984, which states that an additional $31.20 was paid to plaintiff in 1981, allegedly bringing his total earnings to $319.80 (Tr. 139). However, there is no evidence to support this payment (Tr. 140). Furthermore, this cash payment was an advance charged to the employer's petty cash fund, and being so, is not necessarily indicative of wages paid. The cash advance could in fact have been a reimbursement of an employee expense, or an advance towards the purchase of needed materials for the company. Plaintiff's employer also stated that the cash advance was not in accordance with its usual practice, and evidence to support this payment no longer exists in the employer's records. Even assuming *arguendo* that this cash advance was paid to plaintiff and was intended to be wages, without records it cannot be established that the $31.20 payment was not *already* included in the reported $288.60 for 1981. Therefore, we find substantial evidence on the record as a whole for the Secretary's conclusion.

■ Regarding plaintiff's claim of estoppel, it is suffice to say that under the circumstances of this case plaintiff's claim for estoppel is unmeritorious since the decision of the Secretary was not final until the Appeals Council reached its decision.

■ However, in light of the new evidence presented by plaintiff's lawyer that

his client earned an additional $150.00 in 1981 at Clínica Font, Inc., we find good cause pursuant to 42 U.S.C. § 405(g) to remand this case so that the Appeals Council can analyze this evidence.

WHEREFORE, in light of the applicable law and jurisprudence this case is REMANDED for further consideration by the Secretary.

IT IS SO ORDERED.