**Hugh D. ROBERTSON,
Plaintiff-Appellant,**

v.

**Otis R. BOWEN, M.D., Secretary of
Health and Human Services,
Defendant-Appellee.**

No. 86–4330.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 2, 1986.

---

Will R. Ford, New Albany, Miss., for plaintiff-appellant.

Glen H. Davidson, U.S. Atty., Thomas W. Dawson, Robert Q. Whitwell, Oxford, Miss., Claire S. Hoffman, Atty., Office of Gen. Counsel, Dept. of HHS, Baltimore, Md., for defendant-appellee.

Before POLITZ, WILLIAMS, and JONES, Circuit Judges.

PER CURIAM.

Hugh D. Robertson appeals the dismissal of his application for social security disability benefits. His application sought to reopen a prior decision terminating benefits and sought payment of benefits anew. The Secretary of Health and Human Services declined to reopen the prior case and rejected the new application on *res judicata* grounds. On judicial review, the magistrate and district court were of the opinion that the court lacked subject matter jurisdiction. We agree and affirm.

*Facts*

The instant complaint is the latest chapter in the continuing effort by Robertson to secure disability benefits as a consequence of multiple head injuries sustained in a 1962 vehicular accident. Robertson sought and secured disability benefits for those injuries in 1965. A decade later, in 1975, the Secretary determined that Robertson had sufficiently recovered to warrant termination of benefits.

Robertson did not seek judicial review of the Secretary's decision to terminate benefits. Instead, on September 22, 1976, he filed his second application for benefits, alleging that as a consequence of the injuries he had been disabled since December 15, 1975. That claim was denied by the Secretary and the denial was upheld by the district court. While the second application was pending before the district court, Robertson filed a third application for benefits alleging an onset of disability as of February 15, 1975. That claim was denied by the Secretary and no judicial review was sought.

After the district court upheld the dismissal of the second application, Robertson filed his fourth application which forms the basis of the instant action. This application, claiming disability from April 9, 1981, was denied by the Secretary on the grounds that the claims presented had been earlier denied and that no new or material evidence had been alleged or presented. Robertson petitioned for judicial review. While that review was pending the Social Security Disability Reform Act of 1984, P.L. 98–460, was adopted. Acting under what she perceived to be her statutory obligation, the Secretary sought remand of the application. That remand was granted but it was not appropriate; the 1984 Act called for a remand of only those cases involving a termination of benefits; not

cases involving new applications for benefits.

Upon remand, the Secretary successfully sought relief from the judgment of remand and dismissal of the action. Robertson appeals.

### Analysis

■ The fourth application is in part a motion to reopen the prior termination proceedings and in part a new application for benefits. The Secretary declined to reopen and rejected the new application on the basis of res judicata. Neither decision is subject to judicial review. As the Supreme Court held in *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), the federal courts have no subject matter jurisdiction to review a decision by the Secretary not to reopen a case. And as we augmented in *Carter v. Heckler*, 712 F.2d 137, 142 (5th Cir.1983), "[a] refusal to reopen or a *res judicata* determination is not reviewable," citing *Hensley v. Califano*, 601 F.2d 216, 216 (5th Cir.1979) ("refusals to reopen and determinations that a claim is res judicata are not reviewable"). *See also Matos v. Secretary of H.E.W.*, 581 F.2d 282 (1st Cir.1978).

■ As Robertson correctly notes, federal courts have subject matter jurisdiction over a petition to reopen if a colorable constitutional claim is asserted. *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). Robertson raises no such claim; his mere allegation of a due process violation is not persuasive. We agree with our colleagues of the Fourth Circuit that "[i]f the mere allegation of a denial of due process can suffice to establish subject-matter jurisdiction, then every decision of the Secretary would be reviewable by the inclusion of the [magic] words...." *Holloway v. Schweiker*, 724 F.2d 1102, 1105 (4th Cir.), *cert. denied*, 467 U.S. 1217, 104 S.Ct. 2664, 81 L.Ed.2d 369 (1984). We find Robertson's conclusional assertion insufficient to vest jurisdiction.

Robertson's further claims that his case comes within the purview of the 1984 Reform Act and that the Secretary has demonstrated a "pattern of nonacquiescence" to her statutory duty are without merit.

The judgment of the district court is AFFIRMED.