**Jean McDONALD, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. H–86–2298.**

United States District Court, S.D. Texas, Houston Division.

Oct. 18, 1988.

Andrew M. McCormick, Andrew & Shebay, Houston, Tex., for plaintiff.

Mary Lloyd, U.S. Attys. Office, Houston, Tex., for defendant.

## MEMORANDUM AND ORDER

LAKE, District Judge.

Plaintiff seeks judicial review of the decision of the Secretary of the Department of Health and Human Services refusing to reopen a claim for disability benefits under Title II of the Social Security Act and rejecting a second claim on the grounds of *res judicata.* Before the Court are the plaintiff's motion for summary judgment and the defendant's motion to dismiss for lack of jurisdiction and for failure to state a claim. Having carefully considered the record and the applicable law, this Court will deny the plaintiff's motion and grant the defendant's motion to dismiss on jurisdictional grounds.

*Background*

### A. Facts

Plaintiff Jean McDonald was owner-operator of Weeks–McDonald Printing Co., Inc., from 1970 to 1979. Until 1975 McDonald and his partner paid themselves salaries from the company and made required payments under the Federal Insurance Contribution Act (FICA). When in 1975 Weeks–McDonald Printing became a subchapter S corporation, however, its two shareholders began drawing dividends rather than salaries from the business. As a result, FICA withdrawals were not required and contributions ceased. In 1979, their business in decline, the partners sold the company. McDonald received $2,400 from the corporation for that year. He became seriously ill and in 1980 underwent abdominal surgery. While hospitalized, plaintiff suffered a heart attack and has been unable to work since. He twice applied for disability benefits on the basis of that condition.

### B. Administrative Proceedings

As the procedural path of this case is critical to its disposition, the Court sets the scene in some detail. Claiming disability from October of 1979, the plaintiff applied for Social Security benefits on July 1, 1980. His application was refused on September 17, 1980, on the grounds that his coverage extended only through December 31, 1979, and that he did not qualify as disabled during that time. On reconsideration the agency confirmed its findings in January 1981. Also in January 1981, plaintiff filed a late income tax return for 1979 claiming $2,400 as self-employment income for 1979 and made FICA contributions as required.

On March 14, 1981, plaintiff requested a hearing before the Administrative Law Judge for review of the agency's decision. McDonald appeared with his accountant.

The Administrative Law Judge heard evidence on both disability and the effect of the plaintiff's reported $2,400 income on quarters of coverage beyond 1979. FICA credit for $2,400 would add 4 quarters of coverage, extending the last date insured to December 1980. Medical evidence indicated onset of illness in 1979, but onset of disability in 1980. If there were additional quarters of coverage, the plaintiff would be entitled to disability benefits if found disabled during 1980. The Judge's decision on February 24, 1982, was that the reported $2,400 "appeared to be thinly disguised dividends" exempt from FICA rather than legitimately claimed income earnings which require contributions under the Act. The Administrative Law Judge discounted the additional quarters of coverage the $2,400 would provide and found the plaintiff not covered at any time after December 31, 1979. The Judge also determined the plaintiff suffered no disability prior to that date. Most important to this case, the plaintiff did not appeal that decision.

Two years later on April 6, 1984, McDonald again applied for disability benefits, this time claiming onset of illness on January 1, 1980. Relying on FICA postings which included the contributions made on $2,400 income reported in 1979, the agency granted plaintiff benefits from an onset date of December 6, 1980. Apparently the file containing the initial Administrative Law Judge determination on McDonald's coverage was not available as part of the claimant's record.

On July 18, 1984, the agency notified plaintiff that the lost file had been found, that his case had been reopened and revised to a denial because of the 1982 decision. On the basis of this revision plaintiff requested a hearing before a second Administrative Law Judge to reopen and change the original decision denying coverage after 1979. McDonald appeared with counsel. The Judge discussed with counsel the res judicata effects of the first Administrative Law Judge's decision and requested additional briefs on the matter. On January 7, 1986, the Administrative Law Judge found there was not good cause to reopen and revise the original decision.

Plaintiff requested review by the Appeals Council. The Council determined the 1982 Administrative Law Judge decision was res judicata of any subsequent request for hearing or claim for disability benefits claiming coverage subsequent to December 1979 and dismissed the plaintiff's 1984 request for hearing before the Administrative Law Judge. The Council held that the unappealed February 24, 1982, decision was the final decision of the Secretary. The plaintiff here appeals the Council's decision. The defendant seeks to dismiss on grounds of res judicata and plaintiff's failure to state a claim.

## Jurisdiction

The issue before this Court is not whether plaintiff was disabled as defined by the Act or whether he was covered under the Act. The issue is whether this Court has the authority to review and supervene a decision of the Secretary dismissing a request for hearing to reopen and revise a prior determination denying benefits and to dismiss a claim on the grounds of res judicata.

The district court's authority to review decisions of the Secretary derives from Title II of the Social Security Act of 1935, 42 U.S.C. § 401, et seq. Jurisdiction is limited to review of a final decision of the Secretary made after a hearing to which the claimant was a party. 42 U.S.C. § 405(g). At issue here is whether that statutory grant of jurisdiction extends to an administrative decision rendered by the Appeals Council on plaintiff's application to reopen.

The Defendant contends that the council's order is not a "final decision" as contemplated by 42 U.S.C. § 405(g) to vest jurisdiction in this Court. The United States Supreme Court agrees. In Califano v. Sanders, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), the Court held that unless the issue raised by the claimant is a constitutional one, the Secretary's denial of a petition to reopen is not a final order subject to review by the district court. Accord, Thibodeaux v. Bowen, 819 F.2d 76, 79 (5th Cir.1987). Plaintiff does not claim

the Council's decision was violative of the Constitution; he maintains the decision was improper because good cause existed to reopen.[1] Such a determination has been held to fall outside the ambit of final decisions of the Secretary and not to be reviewable on appeal to the district court. *Robertson v. Bowen,* 803 F.2d 808 (5th Cir. 1986), *Ellis v. Schweiker,* 662 F.2d 419 (5th Cir.1981).

### Res Judicata

■ The Plaintiff further contends the Secretary's decision in 1984 correcting an erroneous award is one terminating benefits and therefore not subject to the *res judicata* effects of the Administrative Law Judge's 1982 decision. Termination of benefits, however, presumes a prior award to which the claimant was entitled. That is not the case here. The benefits plaintiff claims the Secretary terminated were awarded inadvertently. The award was made without benefit of a complete file reflecting the plaintiff's prior dealings with the agency. That essentially clerical mistake was later corrected and the case reopened and revised to a denial as authorized by agency regulation. 20 C.F.R. 404.-987. Such an administrative correction does not constitute a termination of benefits.

The Social Security Act provides that the decision of the Secretary following a hearing is final as to all parties to the hearing and not reviewable by any body other than allowed by statute. 42 U.S.C. § 405(h). With the Act's jurisdictional limitation this provision constitutes the basis for administrative *res judicata. McGowen v. Harris,* 666 F.2d 60, 65 (4th Cir.1981). The Code of Federal Regulations at 20 C.F.R. 404.-957(c)(1) provides that the administrative law judge may dismiss a request for hearing where the same case has been heard before and the doctrine of *res judicata*

applies, and that decision is not subject to judicial review. The district court does, however, have the authority to determine whether it has jurisdiction and may examine the propriety of the Secretary's application of *res judicata. McGowen* at 65. On review of the administrative record, the Court finds the two claims involve the same parties, address the same issues and otherwise meet the requisites of *res judicata.*

■ Plaintiff argues that in the interest of fairness the doctrine of *res judicata* should not be strictly applied in this administrative action. For this proposition he relies on *Coulter v. Weinberger,* 527 F.2d 224 (3d Cir.1975). The *Coulter* Court held administrative *res judicata* is "not particularly appropriate in an administrative setting where the claimants are generally not represented by counsel and the process is not based on adversarial concepts." *Id.* at 228. In that case, however, the agency had committed eggregious substantive and clerical errors and omissions in developing the record and considering the claim, and plaintiff never had the benefit of counsel to address these mishaps. Such is not the case here. At his first appearance before the Administrative Law Judge in 1981, plaintiff was accompanied by his accountant to attest to the character of the reported $2,400 which came into dispute. At the hearing before the second Administrative Law Judge, plaintiff was represented by two attorneys, one of whom professed to be an expert in tax law and spoke at length on the matter of the 1979 tax return. The only clear error or omission on the part of the administrative agency here inured to the benefit of the plaintiff briefly—the agency lost his file and awarded him benefits. In all other respects, the plaintiff's applications appear to have been handled efficiently and fairly.

1. The regulations permit a decision to be reopened within four years for good cause. Good cause exists where the original record shows clearly on its face that an error was made. 20 C.F.R. 404.989(a)(3). A disagreement as to legal interpretation, however, does not constitute good cause for reopening a claim. 20 C.F.R. 404.989(b).

This Court does not agree that there existed a clear error on the face of the record. The Administrative Law Judge was within his authority to question the propriety of the plaintiff's income tax report as it related to quarters of coverage. *Butts v. Secretary of Health and Human Services,* 706 F.2d 107 (2d Cir.1983).

The crux of plaintiff's quarrel is with the initial Administrative Law Judge's finding denying quarters of coverage past December 1979. That decision, however, was not appealed and plaintiff's subsequent request to reopen merely suggests a different legal interpretation of the facts. Plaintiff's second application claimed onset of disability in 1980. The Secretary's decision on plaintiff's first application established that he was not insured after December 1979. Unappealed, that decision became final and precluded an award of benefits where the onset of disability occurred when the plaintiff was not covered under FICA. While the Court recognizes the need to avoid a slavish and pedantic application of administrative *res judicata*, the Social Security Administration is within its authority in refusing to rehear a matter which has previously been considered and decided. This Court would be stepping outside its authority as envisioned by Congress to review the Council's decision not to hear again a matter previously decided by the Secretary.

In summary, the Court finds the Secretary's decision to dismiss plaintiff's request for hearing and to reject his second application for benefits on the grounds of *res judicata* is not subject to judicial review. As this Court lacks subject matter jurisdiction, the defendant's motion to dismiss is GRANTED, and the plaintiff's claim will be dismissed.