**Rodger D. VOTH, Plaintiff,**

v.

**Otis BOWEN, Secretary of Health and Human Services, Defendant.**

No. 87–1488–C

United States District Court, D. Kansas.

Dec. 14, 1988.

David H. M. Gray, Gragert, Hiebert & Gray, Wichita, Kan., for plaintiff.

Stephen K. Lester, Asst. U.S. Atty., Wichita, Kan., for defendant.

MEMORANDUM AND ORDER

CROW, District Judge.

This is an action to review the decision of the Secretary of Health and Human Services awarding plaintiff disability benefits and supplemental security income as of July 25, 1985. Plaintiff filed previous applications on September 13, 1982, and February 14, 1985, alleging an onset date of disability of August 16, 1981. Both applications were denied and no requests for reconsideration were ever filed. Plaintiff filed his current application on July 25, 1985, and the ALJ determined that plaintiff was disabled on May 13, 1985, the date on which the plaintiff's second application was denied. The ALJ did not find sufficient grounds for reopening plaintiff's prior applications. Plaintiff appeals this determination.

The Secretary has not answered plaintiff's complaint and instead moves to dismiss it for lack of subject matter jurisdiction. Judicial review of a Secretary's decision is provided at 42 U.S.C. 405(g), requiring the claimant to have obtained a "final decision ... made after a hearing...." Consequently, "[i]f the Secretary properly applies res judicata without a hearing, the district court has no jurisdic-

tion to conduct further review because the Secretary's denial was properly made without a hearing." *Shrader v. Heckler,* 754 F.2d 142, 144 (4th Cir.1985). A final decision after a hearing is central to the court's subject matter jurisdiction. *Mathews v. Eldridge,* 424 U.S. 319, 328, 96 S.Ct. 893, 899, 47 L.Ed.2d 18 (1976). An exception exists where a colorable constitutional claim is asserted. *Id.*

The Tenth Circuit has considered the colorable constitutional claim exception and essentially adopted the following language from *Boettcher v. Secretary of Health and Human Services,* 759 F.2d 719, 722 (9th Cir.1985):

> "Whether Boettcher's constitutional claim is 'colorable' poses a more difficult issue. Courts have not expressly defined what a 'colorable' claim is. One court has held that claims were reviewable because they were 'not without some merit.' Another court has indicated that a putative constitutional claim should be dismissed if it ' "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or ... is wholly insubstantial or frivolous." '
>
> Determining whether Boettcher's constitutional claim is colorable necessarily involves a review of its merits. A determination that it lacks merit does not necessarily mean, however, that it is so insubstantial and immaterial that it does not pass the 'colorable' test."

*Koerpel v. Heckler,* 797 F.2d 858, 863 (10th Cir.1986). This initial review of the merits of the constitutional claim is not conclusive and is conducted under the general presumption of jurisdiction. *Id.*

■ In the case at bar, plaintiff claims his psychological impairments prevented him from sufficiently understanding or acting upon the notices denying him benefits on his first two applications. In constitutional terms, plaintiff claims this constituted insufficient notice and denial of his due process rights. The court is unable to review the merits of plaintiff's constitutional claim, as the Secretary has not filed a certified copy of the transcript of the record pursuant to 42 U.S.C. § 405(g).

This court agrees with Judge Theis in *Popp v. Bowen,* No. 85–6099 (D.Kan. July 31, 1986) [1986 WL 22346], that under these circumstances the transcript may shed light on the merits of plaintiff's constitutional claim of the denial of due process because of mental incompetence. Plaintiff's constitutional claim does not have the hollow ring of that advanced in *Holloway v. Schweiker,* 724 F.2d 1102, 1105 (4th Cir.), *cert. denied,* 467 U.S. 1217, 104 S.Ct. 2664, 81 L.Ed.2d 369 (1984), where the Secretary's proper application of the statute of limitations was challenged as arbitrary and capricious.

The court is further concerned whether the transcript will be a sufficient record for determining plaintiff's constitutional claim. In *Shrader v. Heckler,* 754 F.2d at 143–44, and *Wills v. Secretary, Health and Human Services,* 802 F.2d 870, 873 (6th Cir. 1986), the cases were remanded to the Secretary for a factual determination if the claimants' mental capacity allowed them to understand their notices and to pursue their administrative rights on their previous applications. In the instant case, plaintiff has not indicated whether he presented this constitutional issue in the first instance to the ALJ, and the ALJ's decision does not include specific findings on this issue. The court will await any determination of the need to remand pending the Secretary's filing of the transcript and the plaintiff's timely response to the Secretary's motion to dismiss.

Upon the Secretary's expeditious production of a copy of the transcript, the plaintiff shall file within ten days any response to the motion to dismiss.

IT IS SO ORDERED.