Lisa J. KOFFSKY, Soc. Sec.
# 068–44–4768, Plaintiff,

v.

Kenneth S. APFEL, Commissioner
of Social Security, Defendant.

No. 96 CV 2343 ADS.

United States District Court,
E.D. New York.

Nov. 16, 1998.

Scheine, Fusco, Brandenstein & Rada, P.C., Woodbury, NY, for Plaintiff; Milan Rada, of counsel.

Zachary W. Carter, U.S. Atty., E.D.N.Y., by Richard Weber, Asst. U.S. Atty., Brooklyn, NY, for Defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

The plaintiff, Lisa J. Koffsky ("Koffsky" or the "plaintiff"), commenced this action pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 405(g), seeking review of a final administrative determination of the defendant, Kenneth S. Apfel, the Commissioner of the Social Security Administration (the "Commissioner"), denying her application for social security disability insurance benefits. The plaintiff challenges the Commissioner's finding that the plaintiff was not "insured" within the meaning of the Act. *See* 42 U.S.C. § 423(a)(1)(A) and (D). The plaintiff and the defendant have moved the Court for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

## I. BACKGROUND

### A. *Procedural History*

On October 14, 1993, Koffsky filed an application seeking Social Security disability benefits. On April 11, 1994 Koffsky's request was denied by the Commissioner on the basis that "you have not worked long enough under Social Security." Koffsky appealed from the decision of the Commissioner, and on January 9, 1995, a hearing was conducted, with counsel present, before Administrative Law Judge Jerry Bassett (the "ALJ"). On July 25, 1995, the ALJ denied Koffsky's application for disability benefits on the basis that she had not worked long enough under social security and was therefore not insured under 42 U.S.C. § 423(c)(1)(B)(ii). No determination was made as to whether Koffsky was actually disabled. On March 21, 1996, the Appeals Council denied the plaintiff's request for review. This appeal followed.

### B. *Factual Background*

According to the Administrative Record in this case, the plaintiff Lisa J. Koffsky was born on October 16, 1961. Koffsky earned an associate's degree from Nassau Community College in May 1990 where she studied nursing. Koffsky alleges that she became disabled on March 2, 1992, at age 30, as a result of neck and back injuries. No finding was ever made with regard to the alleged disability because the Commissioner and the ALJ both held that Koffsky had not worked long enough under social security to obtain the necessary insured status.

Koffsky's marriage to William Cherres ended in divorce in 1991. Koffsky has two children. Koffsky worked as a teacher's aid from 1980 to 1983 and as a registered nurse at the Nassau County Medical Center from May 1990 until March 1992. Between 1988

and 1989 Koffsky alleges that she worked once or twice a week as a self-employed bookkeeper for her mother-in-law. The job consisted of answering the phone, filing, and cleaning. According to Koffsky, the work schedule consisted of approximately 16 hours per week for which she was paid $150 in cash. However, Koffsky failed to list her self-employment in her "disability report." In addition, Koffsky waited until August 8, 1994, after her claim for disability was rejected by the Commissioner, to file tax returns for the 1988–1989 period. The 1988 return reported $6,800 in income, while the 1989 return reported $7,600.

### C. *The ALJ's Decision*

The ALJ's written decision denied Koffsky's application for disability benefits on the basis that she did not meet the "disability insurance status requirements of Title II of the Social Security Act" (Tr. 16). Therefore, the ALJ never reached a decision with regard to whether Koffsky was, in fact, disabled.

The Social Security Act determines eligibility for disability insurance benefits by counting the number of quarters per year a person works during a specific time period prior to the onset of the disability. Specifically, in order to be eligible for disability benefits under the Social Security Act, the applicant must have 20 quarters of coverage in the 40 quarter period extending to the quarter in which the disability is alleged to have begun. *See* 42 U.S.C. § 423(c)(1)(B)(i). However, since Koffsky alleged that she became disabled prior to her 31st birthday, the ALJ based his decision on Section 423(c)(1)(B)(ii) of the Social Security Act and 20 CFR 404.130, which require a special computation for a person seeking disability benefits who is under 31.

The special computation requires the applicant to prove that she had coverage of at least half of the quarters between the quarter after the quarter she turned twenty-one, and the quarter in which she became disabled. In order to prove that she was qualified for insurance coverage, the ALJ determined that Koffsky was required to prove that she had 18 quarters of coverage prior to

her alleged disability. This number was obtained by the ALJ by counting the numbers of quarters after the quarter in which she attained age 21 (October 16, 1982, the fourth quarter of 1982) and ending with the quarter in which the disability is alleged to have begun (March 2, 1992, the first quarter of 1992). The 37 quarters (between the 1st quarter of 1983 and the 1st quarter of 1992) is then reduced by one to obtain an even number (36), and then divided by two to reach the required number of quarters of coverage in order to be entitled to special insured status (Tr. 13). In this case, Koffsky had to have 18 quarters of coverage.

The ALJ found that Koffsky had only 16 quarters of coverage, and was therefore ineligible for disability benefits (Tr. 13):

> The claimant was employed as a teacher's aide in 1982–83; earning four quarters of coverage in both years, but only the latter three quarters of 1982 are in the relevant period here; thus she has seven quarters of pertinent coverage for that work. She was employed as a registered nurse from May 1980 to March 1992, earning four quarters of coverage in all three years, but only the first quarter of 1992 is within the relevant period; thus nine additional quarters of pertinent coverage were added for that work.

(Tr. 13). It should be noted at the outset that the ALJ mistakenly credited Koffsky with seven quarters of coverage for her employment as a teacher's aid. The ALJ should have only credited her with four quarters of coverage for that employment since the relevant period began in the first quarter of 1983, after she had reached the age of 21. Koffsky should not have received three quarters of credit for the last three quarters of 1982 because she had not yet turned 21. Therefore, in fact, Koffsky had 13 quarters of coverage during the relevant time period— not 16.

Koffsky claims that if the ALJ credited her two years of self-employment, she would have been entitled to disability benefits. The ALJ held, however, that "[e]ven if the claimant was self-employed at the time (a contention which is not accepted), it is too late for any such self-employment to qualify for cov-

erage under the Act" (Tr. 13). Thus, the ALJ refused to credit Koffsky with eight additional quarters of coverage for her two years of alleged self-employment. It should be noted that it is undisputed that the eight additional quarters of coverage would have made Koffsky eligible for disability insurance benefits even though the ALJ mistakenly credited her with three additional quarters of coverage.

The ALJ's holding was based on 42 U.S.C. §§ 405(c)(4)(A), (C), and 405(c)(5)(F) which required Koffsky to have filed a tax return for her 1988 and 1989 income prior to April 15, 1992 and April 15, 1993, respectively. The ALJ concluded that:

> [Kofsky] did not file belated income tax returns until August 8, 1994, after she was twice notified by the Social Security Administration that she lacked the necessary quarters of coverage to be insured. This timing, coupled with the fact that the only support for the claimant's alleged self-employment comes from her current mother-in-law (who obviously may not be impartial regarding the claimant's desire to obtain benefits), casts considerable doubt on whether the claimant actually performed the alleged work activity. Even if the self-employment did occur, however, said tax returns are, respectively, more than 15 and 27 months too late to permit the claimant's earnings to be changed.

(Tr. 14).

## II. DISCUSSION

### A. Standard of Review

■ Judicial review of the denial of disability benefits is narrow. The Court will set aside the Commissioner's conclusions only if they are not supported by substantial evidence in the record as a whole or are based on an erroneous legal standard. *Bubnis v. Apfel*, 150 F.3d 177, 179–81 (2d Cir.1998); *Yancey v. Apfel*, 145 F.3d 106, 111 (2d Cir. 1998); *Clark v. Commissioner of Social Security*, 143 F.3d 115, 118 (2d Cir.1998); *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998); *Beauvoir v. Chater*, 104 F.3d 1432, 1433 (2d Cir.1997); *see* 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (internal quotation marks and citation omitted). In evaluating the evidence, "[t]he Court may not substitute its own judgment for that of the Secretary, even if it might justifiably have reached a different result upon a de novo review." *Jones v. Sullivan*, 949 F.2d 57, 59 (2d Cir. 1991); *see also Yancey*, 145 F.3d at 111.

■ Further, the ALJ generally has an affirmative duty to develop the record in light of the non-adversarial nature of benefits proceedings. *Schaal*, 134 F.3d at 505. This duty exists even where, as here, the claimant was represented by counsel at the hearing. *Id.*

It is under this framework that the Court evaluates the present social security appeal.

### B. Koffsky's contention

Koffsky does not contest that she was required by law to demonstrate that she had 18 quarters of coverage in order to be eligible for disability benefits from the Social Security Administration. In addition, Koffsky does not argue that the ALJ misapplied the law as it is written. Koffsky's appeal is based on the notion that the laws which prevented her from receiving eight quarters of credit for her self-employment, during 1988 and 1989, are unconstitutional. Specifically, Koffsky claims that 42 U.S.C. § 405(c)(4)(C), is in violation of her procedural and substantive due process rights under the Fifth Amendment.

In support of her claim, Koffsky asserts that if she had been a wage earner instead of being self-employed, to receive credit from the Commissioner, the law would have permitted her to produce W-2 forms or similar proof of earnings from an employer, without regard to how far back the wages were earned. *See* 42 U.S.C. § 405(c)(4)(B). In addition, Koffsky contends that other regulations established by the Commissioner provide for reopening and revising administrative determinations and their relation to correction of earning records, without regard to how far back the wages were earned.

Koffsky claims that the difference in treatment between wage earners and self-employed individuals, as well as the difference in other regulations established by the Commissioner is a violation of her procedural and substantive due process rights under the Fifth Amendment.

### C. *The Court's findings*

Before examining Koffsky's claim that 42 U.S.C. § 405(c)(4)(C) is unconstitutional, the Court first analyzes the ALJ's findings.

In order for Zoffsky to be eligible for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 423(a)(1)(A), (D), she must be both "insured" and have a "disability." The law requires that the applicant demonstrate that she has quarters of coverage in at least one-half of the quarters during the period ending with the quarter after the quarter she became 21. But if the number of quarters during the period is an odd number, the Social Security Administration will reduce the number by one. 42 U.S.C. § 423(c)(1)(B)(ii); 20 C.F.R. § 404.130(c)(I). The ALJ correctly concluded that Zoffsky was required to demonstrate 18 quarters of coverage to satisfy the insured status requirement.

While the ALJ found that Zoffsky had demonstrated 16 quarters of coverage, the Appeals Council to the Social Security Administration correctly found that Zoffsky was only entitled to 13 quarters of coverage pursuant to 42 U.S.C. § 423(c)(1)(B)(ii). As explained above, the ALJ incorrectly credited Zoffsky with three quarters of coverage for 1982. The relevant period for Zoffsky should not have commenced until the first quarter after she attained the age of 21. Since Zoffsky's 21st birthday was in October 1982, the relevant period should not have commenced until the first quarter of 1983 and, therefore, she should not have received any credit for 1982. Thus, Zoffsky had only 13 quarters of coverage.

■ The ALJ correctly denied Zoffsky's claim that she was entitled to have additional quarters of coverage credited for her self-employment income in 1988 and 1989. The

Commissioner's record of a claimant's earnings is evidence of the amount of wages and self-employment income derived by a claimant. 42 U.S.C. § 405(c)(3). During the limitations period of three years, three months and fifteen days following the end of any calendar year (April 15), the Commissioner's records may be corrected to eliminate errors, whether of inclusion or omission. 42 U.S.C. §§ 405(c)(1), 405(c)(4)(C) and 405(c)(5). Following this limitations period, the Commissioner's records as to an individual's wages or self-employment income shall be conclusive. 42 U.S.C. § 405(c)(4)(A). Moreover, after the expiration of the limitation period, the absence of any entry in the Commissioner's records regarding the wages alleged to have been paid by an employer to an individual shall be **presumptive** evidence that no such alleged wages were paid during the period. 42 U.S.C. § 405(c)(4)(B) (emphasis added).

The Act also provides that following the limitations period:

> the absence of an entry in the Commissioner's records as to the self-employment income alleged to have been derived by an individual in such year shall be **conclusive** ... that no such alleged self-employment income was derived by such individual in such year unless it is shown that he filed a tax return of his self-employment income for such year before the expiration of the time limitation following such year, in which case the Commissioner of Social Security shall include in his records the self-employment income of such individual for such year.

42 U.S.C. § 405(c)(4)(C) (emphasis added).

Pursuant to this Congressional statute and the fact that Koffsky was allegedly self employed during the contested eight quarters of coverage, the ALJ correctly found that the conclusive presumption prohibited him from crediting Koffsky with eight quarters of coverage since she failed to file a tax return until well after the limitations period.

Finally, Koffsky claims that her substantive and procedural due process rights were violated due to her contention that Section 405(c)(4)(C) "treat[s] self-employed workers in such a disparate fashion from wage earn-

ing workers." While Koffsky asserts that she was treated differently from wage earning workers, thus apparently invoking an equal protection claim under the Due Process Clause of the Fifth Amendment, the Court notes that the brief filed by Koffsky does not specifically raise an equal protection claim. Therefore, the Court is not certain whether Koffsky seeks to raise an equal protection claim, a due process claim, or both. Regardless, the Court disagrees that the conclusive presumption mandated by 42 U.S.C. § 405(c)(4)(C) violates either Koffsky's due process rights under the Fifth Amendment or violates the equal protection clause as interpreted through the Fifth Amendment.

 The Due Process Clause of the Fifth Amendment assures every person the equal protection of the laws, "which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr., Inc.,* 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). The Second Circuit has stated that "[o]f course, the government can treat persons differently if they are not 'similarly situated.'" *Able v. United States,* 155 F.3d 628 (2d Cir.1998). Generally, equal protection is satisfied where a rational basis exists for the Government to differentiate between persons. *See Heller v. Doe,* 509 U.S. 312, 320, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993). The Supreme Court, however, has required two other levels of scrutiny (strict and intermediate) where the subject of the different treatment is a member of a class that historically has been the object of discrimination. *See McLaughlin v. Florida,* 379 U.S. 184, 85 S.Ct. 283, 13 L.Ed.2d 222 (1964); *United States v. Virginia,* 518 U.S. 515, 116 S.Ct. 2264, 135 L.Ed.2d 735 (1996). The Supreme Court has held that rational basis review in equal protection analysis "must be upheld ... if any reasonably conceivable state of facts could provide a rational basis for the classification." *F.C.C. v. Beach Communications,* 508 U.S. 307, 113 S.Ct. 2096, 124 L.Ed.2d 211 (1993) (citation omitted).

 Initially, the Court notes that Koffsky's equal protection claim is undermined by the fact that the statute in question treats all self-employed people equally. While

Koffsky maintains that the statute in question violates notions of equal protection because it treats self employed people differently from wage earners, self-employees are clearly not a class that have historically been the object of discrimination. Therefore, the Court analyzes her claim under rational basis.

In *Hollman v. Department of Health and Human Services,* 696 F.2d 13 (2d Cir.1982), the Second Circuit acknowledged the underlying rationale of Section 405(c)(4)(C):

> [t]he conclusive presumption protects the government from spurious or merely inaccurate and unverifiable claims based on after-the-fact evidence. We acknowledge the validity of the policy considerations inherent in this policy. Because self-employed workers control the reporting of their income without the check of employers' also reporting their wages to [the] IRS, Congress saw fit to impose a stricter standard....

*Id.* at 17. *See also Butts v. Secretary of Health and Human Services,* 706 F.2d 107, 108 (2d Cir.1983). Given the Second Circuit's express approval of the statute that Koffsky claims is a violation of equal protection, as well as the fact that the statute at issue treats all self-employed people equally, the Court finds her argument unpersuasive.

 Koffsky's claim that her procedural due process rights were violated is similarly unfounded. Koffsky was afforded a hearing as well as an appeal before the Social Security Administration. Thus, it can hardly be said that her dues process rights were violated. *See Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)

In sum, there is substantial evidence in the record supporting the ALJ's finding that Koffsky was not entitled to collect social security disability benefits. Further, the section at issue is constitutional. Accordingly, the Court upholds the decisions of the Commissioner and the ALJ.

## III. CONCLUSION

Having reviewed the submissions of the parties and the case file, and for the reasons set forth above, it is hereby

**ORDERED,** that the defendant's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, is **GRANTED** and the Complaint is dismissed in its entirety.

**ORDERED,** that the plaintiff's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, is **DENIED;** and it is further

**ORDERED,** that the Clerk of the Court close the case.

**SO ORDERED.**