# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-41518
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 19, 2016

Lyle W. Cayce
Clerk

ARISTILLE Q. COLLINS,

       Plaintiff - Appellant

v.

CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL
SECURITY,

       Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:11-CV-365

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:*

     Plaintiff-Appellant Aristille Q. Collins ("Collins") appeals the district court's dismissal of his action for judicial review of the Defendant-Appellee Acting Commissioner of Social Security's (the "Commissioner") decision denying his second application for social security disability insurance benefits

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41518

("DIB") on the basis of res judicata and declining to reopen his first application. For the reasons below, we AFFIRM.

In 2007, an Administrative Law Judge ("ALJ") issued an unfavorable decision on Collins's initial application for DIB, wherein Collins alleged disability beginning January 1, 1989. The Appeals Council of the Social Security Administration affirmed that decision, and Collins did not appeal to the United States District Court. Then in 2009, Collins filed a second application for DIB, again alleging disability beginning January 1, 1989. An ALJ denied that application on the basis of res judicata, finding that application involved the same facts and issues as the 2007 decision. The Appeals Council denied Collins's request for review, and Collins appealed to the district court. When the Commissioner could not locate Collins's administrative claim file, the district court granted the Commissioner's request to remand the case for further administrative proceedings, including a de novo hearing on Collins's second application for DIB. In 2013, an ALJ held there was no basis for considering Collins's second application and the 2007 decision remains final, because the timeframe at issue in the second application falls within the timeframe covered by the 2007 decision and the conditions for reopening the 2007 decision do not apply. The Appeals Council declined to accept jurisdiction because it concluded the decision is supported by substantial evidence and is consistent with applicable laws.

The district court then reopened the case. The Commissioner filed a motion to dismiss for, inter alia, a lack of subject matter jurisdiction. The magistrate judge concluded the court lacked subject matter jurisdiction to consider the Commissioner's 2013 decision absent a colorable constitutional claim, which Collins had not sufficiently raised. The district court adopted the recommendation of the magistrate judge and dismissed the case without prejudice. Collins, proceeding pro se, now appeals.

No. 15-41518

A district court's decision to dismiss based on lack of subject matter jurisdiction is reviewed de novo. *Martin v. Barnhart*, 48 F. App'x 916, 2002 WL 31114938, at *1 (5th Cir. 2002) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). Federal courts do not have subject matter jurisdiction to review the Commissioner's decision to deny an application for benefits on the basis of res judicata or decision not to reopen an application for benefits, unless a claimant asserts a colorable challenge to such decisions on constitutional grounds. *Califano v. Sanders*, 430 U.S. 99, 107–09 (1977); *Robertson v. Bowen*, 803 F.2d 808, 810 (5th Cir. 1986); *Martin*, 2002 WL 31114938, at *1. "Merely alleging a constitutional violation or making a conclusory allegation is not enough; the claimant must have a colorable constitutional claim." *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997) (citing *Torres v. Shalala*, 48 F.3d 887, 890 (5th Cir.1995)) (citing *Robertson*, 803 F.2d at 810).

The Commissioner denied Collins's second application for DIB on the basis of res judicata and declined to reopen his first application. In Collins's opening appellate brief, he contends the ALJ improperly evaluated the sufficiency of his pain allegations, did not give the appropriate amount of weight to the Veterans Administration's disability determination, and inappropriately gave expert testimony more weight than his medical records. These contentions only relate to the factual merits of the Commissioner's original, 2007 benefits decision and do not relate to any constitutional issues. In Collins's reply brief, he states that he has asserted a colorable constitutional claim, but he does not explain how or why any of his constitutional rights have allegedly been violated. We find Collins's constitutional assertion to be merely conclusory and not colorable.

Because Collins has not asserted a colorable constitutional claim, the district court did not err in holding that it lacked subject matter jurisdiction to

No. 15-41518

review the Commissioner's decision regarding res judicata and reopening. AFFIRMED.